# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:12-CR-0291** |
| | : | |
| v. | : | **(Chief Judge Conner)** |
| | : | |
| **MONEYGRAM INTERNATIONAL, INC.,** | : | |
| | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 4th day of December, 2013, upon consideration of the motion (Doc. 15) to determine sufficiency of evidence to support remissions claim, filed by non-parties Carole Goldberg and Debra Patterson, and it appearing that defendant entered into a deferred prosecution agreement with the government in which it agreed to pay the government $100,000,000 in lieu of a civil or criminal forfeiture action, (see Doc. 3), and it further appearing that the agreement provides that "the forfeited funds will be restored to the victims of the fraud . . . pursuant to 18 U.S.C. § 981(e)(6), under the Petition for Remission and/or Mitigation procedures of the United States Department of Justice *or any other manner within the United States Attorney General's discretion*," (Id. ¶ 7) (emphasis added), and it further appearing that movants are requesting an order declaring that they provided sufficient documentation to establish a fraud loss of $86,400 in support of their claim for

remission,[1] but the court concluding that the government possesses the sole discretion to restore forfeited funds to the victims of fraud, see 18 U.S.C. § 981(e)(6) (stating that the Attorney General may "transfer [forfeited] property . . . as restoration to any victim of the offense giving rise to the forfeiture"); 28 C.F.R. §§ 9.1-9.9; United States v. Approximately $133,803.53 in U.S. Currency Seized from Washington Mut. Bank, N.A., Account # 4420842802, held in the Name of Advantage Fin., 683 F. Supp. 2d 1090, 1094 (E.D. Cal. 2010) ("Congress granted the Attorney General sole discretion to address claims by victims through a remissions process that occurs after the successful prosecution of the forfeiture case."); United States v. Fenner, Crim. A. No. 05-167, 2011 WL 2015054 at *1 (M.D. Pa. 2011) ("Determining whether to retain forfeited property or apply the property toward victim restitution is within the sole discretion of the Attorney General."), and that the government's decision[2] is not subject to judicial review, see, e.g., United States v. One 1973 Buick Riviera Auto., 560 F.2d 897, 900 (8th Cir. 1977) (finding that "[t]he overwhelming weight of authority" supports its determination that the Department

---

[1] Throughout the motion, movants refer to the underlying action as a "class action" and that their claim as "class members" is subject to "the parties' settlement agreement." (Doc. 15 at 1; Doc. 16 at 1, 2, 7, 8). However, the underlying action is clearly a criminal action where the United States entered into a deferred prosecution agreement with defendant Moneygram International, Inc.

[2] Regardless, the government has yet to make a decision concerning movants' claim: the remission administrator has simply requested further information. (Doc. 16-1, Ex. C).

2

of Justice's denial of a petition for remission is not subject to judicial review), it is hereby ORDERED that the motion (Doc. 15) is DENIED.

                                                 <u>/S/ CHRISTOPHER C. CONNER</u>
                                                 Christopher C. Conner, Chief Judge
                                                 United States District Court
                                                 Middle District of Pennsylvania