IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>**Plaintiff** : <br> : <br> :    CRIMINAL No. 12-cr-00291 <br> : <br>**v.** : <br> :    (Chief Judge Conner) <br> : <br>**MONEYGRAM INTERNATIONAL,** : <br>**INC.,** : <br>**Defendant** : | |

## GOVERNMENT'S AMENDED UNOPPOSED MOTION TO DISMISS THE CRIMINAL INFORMATION WITH PREJUDICE

Pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, the United States Attorney's Office for the Middle District of Pennsylvania and the United States Department of Justice's Money Laundering and Asset Recovery Section (collectively, the "United States" or "government"), hereby move to dismiss with prejudice the Criminal Information filed in the above-captioned case against the defendant, MoneyGram International, Inc. ("MoneyGram"). In support of this request, the United States relies on the following:

1.  On November 9, 2012, the United States filed with this Court a Criminal Information charging MoneyGram with: (1) aiding and abetting wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2, and (2) willfully violating the Bank Secrecy Act ("BSA") for failing to implement and maintain an effective anti-money laundering program, in violation of Title 31, United States

Code, Sections 5318(h) and 5322.

2. On November 9, 2012, the United States and MoneyGram entered into a five-year Deferred Prosecution Agreement (the "DPA") that deferred prosecution of MoneyGram on the November 9, 2012 Information for a period of five years. ECF No. 3. The DPA required that MoneyGram acknowledge responsibility for its criminal conduct, admit and accept that it was responsible for the acts as charged in the Information and set forth in the Statement of Facts filed with the DPA, and waive its right to an indictment and all rights to a speedy trial.

3. Also pursuant to the DPA, the Company agreed to the following conditions, among others: (a) to acknowledge and accept responsibility for its actions, (b) to continue its cooperation with the United States, (c) to settle any and all civil and criminal claims currently held by the United States for any act within the scope of the Statements of Fact, (d) to forfeit to the United States $100 million, (e) to retain an independent compliance monitor, (f) to continue to enhance its anti-fraud and anti-money laundering programs, (g) to require all MoneyGram Agents[1] to adhere, at a minimum, to U.S. anti-fraud and anti-money laundering standards or Financial Action Task Force interpretive guidelines for Money Services Businesses, whichever is stricter; (h) to ensure that the maximum number of transactions feasible, originating

---

[1] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in the DPA and the Amendment to and Extension of Deferred Prosecution Agreement.  See ECF No. 3 and 34-1.

in the United States, will be reviewed in MoneyGram's Anti-Fraud Alert System to identify potentially fraudulent transactions, and (i) to submit quarterly reports to the United States regarding certain MoneyGram Outlets, the transactions those Outlets processed and consumer fraud complaints.

4.     MoneyGram forfeited $100 million to the United States in compliance with the DPA, which was made available to victims of fraud who transmitted funds through MoneyGram between 2004 and 2009 through a remission process.  This process is complete.

5.     On November 1, 2017, the Parties filed the first of seven joint motions to extend the DPA in order to allow the parties to discuss MoneyGram's performance under the DPA.  See ECF No. 20, 22, 24, 26, 28, 30, and 32.  The Parties ultimately agreed to, and the Court ordered, extensions of the DPA through November 9, 2018.  See ECF No. 21, 23, 25, 27, 29, 31, and 33.

6.     The Department determined that MoneyGram breached the DPA and on November 8, 2018, the Parties entered into the Amendment to and Extension of Deferred Prosecution Agreement (the "Amendment"), which extended the term of the DPA continuing to defer prosecution of MoneyGram on charges of Aiding and Abetting Wire Fraud, 18 U.S.C. §§ 1343 and 2, and violation of the BSA, 31 U.S.C. §§ 5318(h) and 5322, through May 10, 2021.  ECF No. 34, No. 34-1.  The Amendment required that MoneyGram extend the term of the DPA through May 10,

2021 and continue to comply with all the DPA obligations as amended.

7. In addition to the original DPA obligations, as part of the Amendment, the Company agreed to the following conditions, among others: (a) to continue its cooperation with the United States, (b) to forfeit to the United States an additional $125 million, (c) to continue the retention of the independent compliance monitor, (f) to review consumer fraud complaints and related transactions within 30 days and determine whether to prohibit consumers from conducting MoneyGram transactions, create new anti-fraud program rules, or conduct further investigation, (h) to require consumers to present government-issued identification for all transactions regardless of dollar value, and (i) to provide enhanced reporting to the United States regarding certain MoneyGram Outlets, the transactions those Outlets processed and consumer fraud complaints and transactions related to those complaints.

8. In compliance with its agreement in the Amendment to forfeit $125 million, MoneyGram transferred to the United States $70 million in November 2018 and $55 million in April 2021. See ECF No. 40. These funds are being made available to victims of fraud who transmitted funds from the United States through MoneyGram between 2013 and 2017 through a remission process. In February 2021, the U.S. Postal Inspection Service sent each identified victim a pre-filled claims form with information regarding the victim's total loss. If these victims wished to file a claim they had until June 1, 2021 to return their forms via mail or the remission

website at moneygramremission.com. Between June 1, 2021 and August 31, 2021, victims who did not receive a pre-filled claims form can submit a claim online using moneygramremission.com.

9. If MoneyGram fully complied with all of its obligations under the DPA and Amendment, the United States agreed to seek dismissal with prejudice of the Criminal Information filed against MoneyGram.

10. With respect to MoneyGram's obligations under the DPA and the Amendment, the United States understands that since November 8, 2018, MoneyGram has satisfied the conditions and obligations imposed under the DPA and the Amendment.

11. On April 20, 2021, pursuant to the terms of the Amendment, the monitor certified to MoneyGram and the United States that MoneyGram's anti-fraud and anti-money laundering compliance program, including its policies and procedures, are reasonably designed and implemented to detect and prevent fraud and money laundering and to comply with the Bank Secrecy Act.

12. On May 10, 2021, pursuant to the Amendment, MoneyGram certified through its Chief Executive Officer (CEO) and Chief Compliance Officer (CCO) to the United States that MoneyGram had fulfilled its obligations under the DPA and the Amendment.

13. Given that MoneyGram has fully cooperated with the United States, since November 8, 2018 complied with all the obligations under the DPA and the Amendment, and not otherwise violated the DPA or the Amendment, the United States has determined that dismissal with prejudice of the Criminal Information is appropriate. Specifically, among other things, MoneyGram has: forfeited $225 million as required under the DPA and Amendment; retained an independent compliance monitor who certified that the Company's anti-fraud and anti-money laundering compliance programs are reasonably designed and implemented to detect and prevent fraud and money laundering and to comply with the BSA, as required under the DPA and Amendment; reported information to the United States as required under the DPA and Amendment, which, among other things, showed the Company's progress in deterring and reducing fraud through MoneyGram; cooperated with the United States in its oversight of the DPA and in law enforcement efforts; implemented and continues to enhance its anti-money laundering and anti-fraud programs; and certified through its CEO and CCO that MoneyGram had fulfilled its obligations under the DPA. Therefore, dismissal with prejudice is warranted here. *See, e.g., Rinaldi v. United States*, 434 U.S. 22, 29-30 (1977); *United States v. Henderson*, 951 F. Supp.2d 228, 232 (D. Mass. 2013) (granting the government's Rule 48(a) motion to dismiss with prejudice and recognizing that "in the larger scheme of criminal justice proceedings, it is for the government to make

the decision whether further pursuing prosecution …is a fair, reasonable, and proportionate exercise of prosecutorial discretion") (internal quotations and citations omitted); *United States v. Smith*, 55 F.3d 157, 159 (4th Cir. 1995) ("The disposition of a government's motion to dismiss an indictment should be decided by determining whether the prosecutor acted in good faith at the time he moved for dismissal. A motion that is not motivated by bad faith is not clearly contrary to manifest public interest, and it must be granted.").

WHEREFORE, pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, the United States respectfully requests this Court grant the Government's Motion to Dismiss with Prejudice the Criminal Information in the above-captioned matter.

Date:  June 9, 2021

| | |
|---|---|
| BRUCE BRANDLER<br>Acting United States Attorney<br>Middle District of Pennsylvania | DEBORAH L. CONNOR<br>Chief, Money Laundering and<br>   Asset Recovery Section<br>Criminal Division<br>U.S. Department of Justice |
| /s/ Ravi Romel Sharma<br>RAVI ROMEL SHARMA<br>Assistant U.S. Attorney<br>228 Walnut Street, Suite 220<br>Harrisburg, PA 17108<br>Phone: (717) 221-4482<br>ravi.sharma@usdoj.gov | /s/ Margaret A. Moeser<br>MARGARET A. MOESER<br>Trial Attorney<br>1400 New York Ave., NW<br>Washington, D.C. 20530<br>Phone: (202) 598-2345<br>margaret.moeser@usdoj.gov |

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>**Plaintiff**<br><br>v.<br><br>**MONEYGRAM INTERNATIONAL, INC.,**<br>**Defendant** | **CRIMINAL No. 12-cr-00291**<br><br>**(Chief Judge Conner)** |

## ORDER

**AND NOW**, this_____ day of June, 2021, upon the motion of the government, and upon good cause shown, it is hereby **ORDERED** that the above-captioned information is hereby dismissed.

BY THE COURT,

_____
CHRISTOPHER C. CONNER
United States Chief District Judge